Robert M. Gilchrest (SBN 134254) *rgilchrest@silverfirm.com*
Amy S. Russell (SBN 284131) *arussell@silverfirm.com*
SILVERMAN SHIN BYRNE & GILCHREST LLP
500 South Grand Ave., Suite 2010
Los Angeles, California 90071
Telephone: (213) 683-5350                    N O T E : C H A N G E S   M A D E   B Y   T H E   C O U R T
Facsimile: (213) 683-5380

Attorneys for Plaintiff Syscom (USA) Inc.

Jason H. Wilson (Bar No. 140269) *jwilson@willenken.com*
WILLENKEN WILSON LOH & DELGADO LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:   (213) 955-9250

Attorneys for Defendants Nakajima USA, Inc., Neko World, Inc., Torrance
Trading, Inc., and Shinji Nakajima

## UNITED STATE DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYSCOM (USA) INC., a New York corporation, <br><br> Plaintiff, <br><br> v. <br><br> NAKAJIMA USA, INC., a California corporation; NEKO WORLD, INC., a California corporation; TORRANCE TRADING, INC., a California corporation; SHINJI NAKAJIMA, a citizen of California; and DOES 1 through 10, inclusive, <br><br> Defendants. | DISCOVERY STIPULATION <br><br> Case No.: CV14-7137-AB(JPRx) <br><br> Hon. Jean Rosenbluth, Magistrate Judge Courtroom 827-A (Spring St.) <br><br> **JOINT STIPULATION AND [~~PROPOSED~~] ORDER TO ISSUE PROTECTIVE ORDER** <br><br> Complaint Filed:  September 12, 2014 Arbitration Ordered and Action Stayed: December 3, 2014; January 29, 2016 |

Plaintiff Syscom (USA) Inc. ("Syscom") and Defendants Nakajima USA, Inc. ("NUSA"), Neko World, Inc. ("Neko"), Torrance Trading, Inc. ("Torrance"), and Shinji Nakajima ("Mr. Nakajima"), by and through their respective counsel, hereby reach the following stipulation.

### RECITALS

WHEREAS, on December 3, 2014, the District Court issued an Order granting NUSA, Neko, and Torrance's motion to compel arbitration and staying the Court action;

WHEREAS, on January 29, 2016, the District Court issued an Order staying the Court action pursuant to the Stipulation to Order re Arbitration and Stay between Syscom and Mr. Nakajima;

WHEREAS, pursuant to the agreement of Syscom, NUSA, Neko, Torrance, and Mr. Nakajima (collectively, the "Parties") and the order of the arbitrator in this matter, the Parties may conduct certain discovery including third party discovery in the arbitration of this matter;

WHEREAS, on July 21, 2015, the Parties entered into a Confidentiality Agreement regarding the use and disclosure of confidential documents and information produced in the arbitration of this matter, and agreed that the enforcement of obligations under the Confidentiality Agreement may be decided by the arbitrator;

WHEREAS, in order to protect the confidentiality of third party documents that may be subpoenaed in the arbitration of this matter, and to facilitate the production of such third party documents, the Parties conferred and agreed that the District Court may lift the stay of this action for the purpose of entering the Stipulated Protective Order attached hereto as Exhibit A (the "Protective Order") and resolving disputes regarding confidentiality designations with third parties;

WHEREAS, on April 29, 2016, the District Court lifted the stay of this action only to allow the Parties to (a) seek entry of the Protective Order by the

Magistrate Judge and (b) bring to the Magistrate Judge objections to confidentiality designations made pursuant to the Protective Order by third parties in the event that third parties decline to submit to the jurisdiction of the arbitrator regarding such objections;

WHEREAS, on May 2, 2016, the Magistrate Judge issued an Order declining to issue the Protective Order in its original form and describing certain revisions to be made (the "May 2nd Order");

WHEREAS, the Parties made the revisions described in the May 2nd Order, which are reflected in Exhibit A. The Parties also made one additional revision to the last sentence of the first paragraph of section III.F of the Protective Order, also reflected in Exhibit A, to make clear that, when documents are produced by third parties, only disputes regarding confidentiality designations of such documents between a party and a non-party shall be heard by the Court. Disputes between parties regarding confidentiality designations of third party documents shall be resolved by the arbitrator.

## **JOINT STIPULATION**

NOW THEREFORE, the Parties, through their counsel herein, stipulate that the Protective Order shall be approved by the Court and effective as of the date of execution of the attached Order.

IT IS SO STIPULATED.

JOINT STIPULATION AND [PROPOSED] ORDER TO ISSUE PROTECTIVE ORDER

1

Dated: May 4, 2016

WILLENKEN WILSON LOH &
DELGADO LLP

2

3

4

By: /s/Jason H. Wilson
    Jason H. Wilson
    Attorneys for Defendant Shinji
    Nakajima

5

6

7

Dated: May 4, 2016

SILVERMAN SHIN BYRNE &
GILCHREST LLP

8

9

By: /s/Amy Russell
    Amy Russell
    Attorneys for Plaintiff
    Syscom (USA) INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION AND [PROPOSED] ORDER TO ISSUE PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## [PROPOSED] ORDER

Based upon the forgoing Stipulation of the Parties, IT IS HEREBY ORDERED that the Stipulated Protective Order is approved by the Court and effective as of the date of execution of this Order.

IT IS SO ORDERED.

Dated  May 9, 2016                    _____
                                      United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1   Robert M. Gilchrest (SBN 134254) *rgilchrest@silverfirm.com*
2   Amy S. Russell (SBN 284131) *arussell@silverfirm.com*
    SILVERMAN SHIN BYRNE & GILCHREST LLP
3   500 S. Grand Avenue, Suite 2010
4   Los Angeles, California 90071
    Telephone:  (213) 683-5350
5   Facsimile:  (213) 683-5380

6
    Attorneys for Plaintiff Syscom (USA) Inc.
7

8   Jason H. Wilson (Bar No. 140269) *jwilson@willenken.com*
    WILLENKEN WILSON LOH & DELGADO LLP
9   707 Wilshire Blvd., Suite 3850
10  Los Angeles, California 90017
    Telephone:  (213) 955-9240
11  Facsimile:   (213) 955-9250

12
    Attorneys for Defendants Nakajima USA, Inc., Neko World, Inc.,
13  Torrance Trading, Inc., and Shinji Nakajima

14

15              **UNITED STATES DISTRICT COURT**

16              **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 17 SYSCOM (USA) INC., a New York corporation, | **CASE NO. CV14-7137-AB(JPRx)** |
| 18 | Arbitration Case No. 01-15-0002-3159 |
| 19        Plaintiff, | Assigned to the Hon. André Birotte Jr., Courtroom 4 |
| 20   v. | |
| 21 | |
| 22 NAKAJIMA USA, INC., a California corporation; NEKO WORLD, INC., a | **STIPULATED PROTECTIVE ORDER** |
| 23 California corporation; TORRANCE TRADING, INC., a California | Complaint Filed: September 12, 2014 |
| 24 corporation; SHINJI NAKAJIMA, a citizen of California; and DOES 1 | Arbitration Ordered and Action Stayed: December 3, 2014; January 29, 2016 |
| 25 through 10, inclusive, | |
| 26 | |
| 27        Defendants. | |
| 28 | |

**STIPULATED PROTECTIVE ORDER**

This Stipulated Protective Order (the "Stipulated Protective Order" or "Order") is effective as of July 21, 2015, the date on which plaintiff Syscom (USA) Inc. ("Syscom"), and defendants Nakajima USA, Inc. ("NUSA"), Neko World, Inc. ("Neko") and Torrance Trading, Inc. ("Torrance") entered into a Confidentiality Agreement. This Stipulated Protective Order is intended to extend to the disputes between and amongst Syscom, NUSA, Neko, Torrance, and Shinji Nakajima (collectively the "Parties") as well as third parties who decline to submit to the jurisdiction of the arbitrator appointed to resolve this dispute.

The Parties recognize that at least some of the documents and information being sought through discovery in this action are, for competitive reasons, normally kept confidential by the Parties. The documents and information to be exchanged throughout the course of the litigation between the Parties may contain trade secret or other confidential research, development, or other commercial information.

The parties have therefore agreed to be bound by the following terms:

**I.      PURPOSE OF THIS ORDER**

The purpose of this Stipulated Protective Order is to provide a means for limiting access to and use and disclosure of Confidential Documents or Information that are produced in this action. Any unauthorized disclosure of Confidential Documents or Information in violation of this Order may be subject to discipline by the contempt powers of the arbitration.

**II.     DEFINITION OF "CONFIDENTIAL DOCUMENTS OR INFORMATION"**

"Confidential Documents or Information" are all Documents or Information that (a) have been produced by any Party and/or third party; and (b) have been properly designated as "Confidential" or "Confidential-Attorney's Eyes Only" pursuant to paragraph III, below.

## III.     DESIGNATION OF "CONFIDENTIAL DOCUMENTS OR INFORMATION"

The Parties and third parties may designate such documents or information as "Confidential" or "Confidential-Attorney's Eyes Only" in accordance with the following procedures:

### A.     Criteria for Classification

#### 1.     "Confidential" Designation

Any Party and/or third party may designate documents or information as "Confidential" if it has a reasonable good faith belief that the disclosure of said documents or information absent the protections of this order will have the effect of causing harm to the producing party's competitive position or privacy interests or a third party's privacy interests because the documents or information embody (a) sensitive, competitive or other confidential business information; (b) sensitive financial information; (c) sensitive product information; (d) sensitive personal information; (e) other sensitive material that the Party and/or third party does not customarily disclose to the public; or (f) documents or information that the Party and/or third party currently maintains as Confidential and is seeking to maintain as Confidential for purposes of this action.

#### 2.     "Confidential-Attorney's Eyes Only" Designation

The designation "Confidential-Attorney's Eyes Only" shall be limited to such documents, materials or other things that meet the following criteria:

(a)     the documents, materials, or other things are "Confidential" as described above; and

(b)     either  (i) the documents, materials, or other things meet the definition of a trade secret set forth in section 3426.1(d) of the California Civil Code or other applicable trade secret statutes including but not limited to customer lists and proprietary software, hardware, or technology, or (ii) disclosure of the information

would put the producing or designating party at a substantial competitive disadvantage if the information became known to the receiving party.

### B.   Time of Designation

Unless otherwise agreed between counsel for the Parties and/or third parties, the designation of Confidential Documents or Information shall be made at the time of the production of documents or information.

### C.   Manner of Designation

The designation of Confidential Documents or Information shall be made in the following manner:

1.   For documents, by placing the notation "Confidential" or "Confidential-Attorney's Eyes Only" on each page of such document that contains confidential material or information. A Party and/or third party should not mark an entire document as "Confidential" or "Confidential – Attorney's Eyes Only" if only select portions of the document contain confidential information.

2.   For tangible items, including any documents or information produced on magnetic disks or other computer related media, by placing the notation "Confidential" or "Confidential-Attorney's Eyes Only" on the object and, if only a portion of the item is confidential, a description of the confidential portion. If applicable, the same notation shall be made on the container thereof or, if such are not practicable, as otherwise agreed by the Parties.  In the event either Party generates any "hard copy" or printout from any "Confidential Material," that Party must immediately stamp each page containing confidential information as "Confidential" or "Confidential-Attorney's Eyes Only," and the hard copy or printout shall be treated as "Confidential Information pursuant to this Stipulated Protective Order."

3.   For deposition testimony, by noting on the record that information is "Confidential" or "Confidential-Attorneys' Eyes Only" at the time the deposition is taking place.

### D.   Retroactive Designation

1.   Inadvertent production of any Confidential Documents or Information without a designation of confidentiality will not be deemed to waive a later claim as to confidentiality or privilege, or prevent the Party claiming said confidentiality from re-designating such documents or information as "Confidential" or "Confidential-Attorney's Eyes Only" promptly after discovery of the inadvertent production and written notice to the other party.

2.   Within ten (10) business days after production or deposition testimony, any Party may retroactively designate (or withdraw a designation) of Confidential Documents or Information under paragraphs III(B) and (C) above, regarding any material that it has produced, provided however, that such retroactive designation (or withdrawal) shall be in accordance with the terms of this Order.  Such retroactive designation (or withdrawal) shall be accomplished by notifying counsel for the non-designating Party in writing of such retroactive designation (or withdrawal).  Upon receipt of any such written re-designation, counsel (i) shall not make any further disclosure or communication of such retroactively designated material except as provided for in this Order; (ii) shall take reasonable steps to notify all persons known to have possession of any retroactively designated material of the effect of such re-designation under this Order; and (iii) shall take reasonable steps to procure all copies of such retroactively designated material from any persons known to have possession of any such retroactively designated material who are not entitled to receipt under this Order.

### E.   Resolution of Disputes Regarding Designation Between the Parties

If any Party wishes to have the "Confidential" or "Confidential-Attorney's Eyes Only" designation of any particular Confidential Documents or Information removed or changed, that Party must first request in writing that the Party having

1  made the designation at issue change its designation.  Thereafter, the Parties shall

2  meet and confer and make good faith efforts to resolve the dispute in the manner

3  provided for in California Code of Civil Procedure Section 2031.060(a).

4        If the designating Party refuses to agree to remove or change the

5  designation, then the Party requesting that the designation be changed shall request

6  the arbitrator for a decision by regular noticed motion in accordance with

7  California Code of Civil Procedure Section 2031.060(a).   At all times during the

8  process of challenging a designation, the Parties shall treat the designated material

9  as originally designated until a change is mutually agreed upon or a motion to

10  remove any such confidential designation is granted by the arbitrator.

11        **F.    Designation of Third Party Documents**

12        Documents and/or information produced by a third party in response to a

13  subpoena or during deposition in the course of this litigation may involve receipt of

14  information, documents, things or testimony which include, contain or comprise

15  protected information that may or may not be appropriate for "Confidential-

16  Attorneys' Eyes Only" or "Confidential" designation under this Order.  Unless

17  otherwise agreed in writing between counsel for the parties, documents and

18  information so produced by a third party shall be treated as follows:  First of all, all

19  such documents and information shall automatically be deemed to be and shall be

20  treated as "Confidential-Attorneys' Eyes Only" for five [5] business days

21  following their actual receipt by both counsel for Plaintiffs and counsel for

22  Defendants in this action, in order to enable each such counsel to determine

23  whether in their view any protected information is embodied therein.  If no

24  designation of the information as "Confidential" or "Confidential-Attorneys' Eyes

25  Only" by the Designating Party is received by the non-Designating Party within

26  five [5] business days after said production, then the information will not be

27  protected by this Protective Order except pursuant to subsequent designation by a

28  party hereto or pursuant to a subsequent agreement of the parties or arbitration

STIPULATED PROTECTIVE ORDER

order; if however a written designation of "Confidential" or "Confidential-Attorneys' Eyes Only" is made by a Designating Party and is received by the non-Designating Party within five [5] business days after said production of documents or information by the non-party, then the information will be subject to this Protective Order and will be deemed to be "Confidential" or "Confidential-Attorneys' Eyes Only" (as requested by the Designating Party); provided, however, that a Party may challenge the designation made by another Party in the manner set forth in Section III.E.

Lastly, to the extent third party documents or information contains information that is confidential and/or proprietary to the third party, said third party can avail itself of the protections set forth in this Order and designate documents and/or information it produces accordingly by executing this Order and agreeing to be bound by its terms. The terms of this Order shall apply to confidentiality designations made by the third party producing documents except that, to the extent a party and the third party cannot resolve disputes regarding designation informally, such disputes shall be resolved by the District Court and not the arbitrator. Any dispute between a party and a third party regarding confidentiality designations shall be brought in compliance with Federal Rules of Civil Procedures rule 26(c) and Central District Local Rule 37.

## IV. PERSONS TO WHOM CONFIDENTIAL DOCUMENTS OR INFORMATION MAY BE DISCLOSED

### A. Disclosure of Documents or Information Designated as "Confidential"

Documents or Information designated as "Confidential" may be disclosed and copies may be provided only to:

1. Counsel of record and in-house counsel for the Parties;

2.     Expert witnesses or consultants retained by the Parties or their respective counsel in connection with this action who have complied with paragraph IV(D), below;

3.     Outside court reporting services and court reporters only as may be reasonably necessary in connection with the preparation or conduct of this action;

4.     This arbitration and its personnel, or any other tribunal of competent jurisdiction having involvement in this matter and its personnel; and

5.     Any mediator or arbitrator selected by the Parties to mediate or arbitrate this action.

6.     Representatives of the Parties.

**B.     Disclosure of Documents or Information Designated As "Confidential-Attorney's Eyes Only"**

Confidential Documents or Information designated as "Confidential-Attorney's Eyes Only" may be disclosed and copies may be provided only to:

1.     Counsel of record and in-house counsel for the Parties.

2.     Expert witnesses or consultants retained by the Parties or their respective counsel in connection with this action who have complied with paragraph IV(D), below;

3.     Outside court reporting services and court reporters only as may be reasonably necessary in connection with the preparation or conduct of this action;

4.     This arbitration and its personnel, or any other tribunal of competent jurisdiction having involvement in this matter and its personnel; and

5.     Any mediator or arbitrator selected by the Parties to mediate or arbitrate this action.

**C.**   **Additional Authorized Disclosure of Documents or Information Designated as "Confidential" or "Confidential Attorney's Eyes Only"**

Notwithstanding anything to the contrary in paragraphs IV(A) or IV(B) above, particular Confidential Documents or Information that have been designated as "Confidential" or "Confidential-Attorney's Eyes Only" may be disclosed and copies may be provided:

1.     To Persons who are explicitly named on the document as the authors or addressees or to persons who may be shown to be an author or recipient or intended recipient of any particular document;

2.     To any other persons with the prior written consent of the designating Party; and

3.     To any other persons with the prior authorization of this arbitration or any other tribunal of competent jurisdiction having involvement in this matter.

4.     If a document designated as "Confidential" or "Confidential-Attorney's Eyes Only" refers to the conduct or affairs of a potential witness, the Party's counsel of record may discuss such conduct or affairs with such person without revealing the existence of the document, or its authors or source.

**D.**   **Disclosure to Experts or Consultants**

Prior to disclosing or providing copies of any Confidential Documents or Information to any expert or consultant pursuant to paragraphs IV(A) or IV(B), above, the Parties shall first obtain the acknowledgement of the expert, consultant or anyone else to whom such disclosure will be made to be bound by the terms of this Stipulated Protective Order.  Specifically, the expert or consultant shall acknowledge that, during the course of his or her retention, the expert or consultant may have access to, and become acquainted with Confidential Documents or Information, which are regularly used in the operation of the businesses of the designating Party and in which the designating Party has an expectation of

confidentiality.  The expert or consultant shall agree not to disclose such
Confidential Documents or Information, directly or indirectly, to any person or
entity not subject to this Stipulated Protective Order or use them in any way
outside the specific scope of his/her retention as an expert witness in this action, or
at any time thereafter.   A separate acknowledgement (Exhibit A to this
confidentiality agreement) requiring the expert to be bound by these terms shall be
secured from the expert.

    **E.**    **Return of Confidential Documents or Information by Experts and Consultants**

        Confidential Documents or Information disclosed to any expert or consultant
may be retained by such expert or consultant provided that such expert or
consultant subsequently destroys any and all copies of such Confidential
Documents or Information upon the termination of their engagement.

**V.**    **USE OF CONFIDENTIAL DOCUMENTS OR INFORMATION**

    **A.**    **Use of Confidential Documents or Information Generally**

        Confidential Documents or Information shall only be used by the Parties,
their respective agents, and any other persons to whom such Confidential
Documents or Information may be disclosed pursuant to this Stipulated Protective
Order: (1) in this action; (2) as otherwise compelled by lawful process (provided
the designating Party is given a reasonable notice to object); or (3) to law
enforcement or as otherwise required by law.  Notwithstanding the foregoing,
nothing in this Stipulated Protective Order shall prevent or limit the designating
Party from disclosing Confidential Documents or Information they so designate.

    **B.**    **Use of Confidential Documents or Information in the Conduct of this Action**

        1.    Confidential Documents or Information may be used by counsel for
the non-designating Party in good faith in connection with investigating this action,

provided that the Confidential Documents or Information are protected pursuant to the terms and conditions of this Stipulated Protective Order.

2.     Confidentiality designations made pursuant to this Stipulated Protective Order shall remain in effect until the Court rules to the contrary. The terms of this Stipulated Protective Order do not apply to evidence presented at arbitration proceedings and/or trial in this matter.  Any protective measures relating to Confidential Documents or Information should be taken up with the judicial officer conducting the particular proceeding at the appropriate time.

3.     If any opposing Party seeks to file pleadings or other documents with this arbitration that contains the other Party's Confidential Documents or Information, it may do so only if: (a) reasonably necessary to the proceeding; and (b) the filing Party files such documents under seal.

**VI.     RETURN OF CONFIDENTIAL DOCUMENTS, TESTIMONY, OR INFORMATION**

Upon written request after the final conclusion of this action, the Parties shall:

A.     Return to the other Party or destroy any and all Confidential Documents or Information so designated by that Party and all copies thereof in its possession, custody and control, except that one set of such Confidential Documents or Information may be retained by counsel for archival purposes;

B.     Ensure that all Confidential Documents or Information in the possession, custody or control of any permitted parties or third parties are returned to the designating Party; and

C.     Destroy all notes, memoranda or other documents (collectively "Notes") that contain excerpts from any of the Confidential Documents or Information, except that one such set of Notes may be retained by counsel for archival purposes.  Notwithstanding the foregoing, attorney work product, attorney-client communications, and information derived from Confidential

Documents or Information may be retained by the non-designating Party and its counsel.

**VII.   <u>NO PROBATIVE VALUE</u>**

This Stipulated Protective Order shall not aggregate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Confidential Documents or Information.  The fact that information is designated "Confidential" or "Confidential-Attorney's Eyes Only" under the Stipulated Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.  This Stipulated Protective Order shall be without prejudice to the right of any party to bring information before any arbitration hearing their dispute, regardless of (a) whether any particular material is or is not Confidential, or (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection under the terms of this Stipulated Protective Order, provided that in doing so, the party complies with the procedures set forth herein.  The fact that any information is disclosed, used, or produced in any proceeding in this action shall not be offered in any other action or proceeding before any  arbitration, agency or tribunal as evidence of or concerning whether or not such information is admissible, confidential or proprietary.

**VIII.   <u>MODIFICATION OF THIS STIPULATED PROTECTIVE ORDER</u>**

The Parties hereto may modify the terms of this Stipulated Protective Order by further stipulation. No stipulated modification by the Parties will have the force or effect of a court order without the Court's prior approval.

**SO AGREED.**

STIPULATED PROTECTIVE ORDER

1
2   Dated:  May 3, 2015                    Respectfully submitted,

3                                          **SILVERMAN SHIN BYRNE & GILCHREST**

4                                          **LLP**

5

6
7                                   BY s/Amy S. Russell/
                                       ROBERT M. GILCHREST
8                                      AMY S. RUSSELL
                                       Attorneys for Plaintiff SYSCOM (USA), INC.

9

10
11  Dated:  May 3, 2015                    Respectfully submitted,

12                                         **WILLENKEN WILSON LOH & DELGADO**

13                                         **LLP**

14

15
16                                  BY s/Jason H. Wilson/
                                       JASON H. WILSON
17                                     W. SCOTT NORTON
                                       Attorneys for Defendants NAKAJIMA USA,

18                                     INC., NEKO WORLD, INC., and TORRANCE

19                                     TRADING, INC.

20

21

22

23

24

25

26

27

28

**<u>Third Parties</u>**

The following third parties agree to be bound by the terms of the above Stipulated Protective Order:

(1) Name: _____

Dated: _____         _____
                                     By:
                                     Its:

(2) Name: _____

Dated: _____         _____
                                     By:
                                     Its:

(3) Name: _____

Dated: _____         _____
                                     By:
                                     Its:

**EXHIBIT A**

**ACKNOWLEDGEMENT AND CONSENT TO BE BOUND BY**

**STIPULATED PROTECTIVE ORDER AGREEMENT**

I, _____, hereby certify that I have read the Stipulated Protective Order in the litigation known as *Syscom (USA) Inc. v. Nakajima, USA et al*.  I agree to comply with all requirements of the Stipulated Protective Order and to keep and maintain protected information confidential in accordance therewith.

_____

Name

_____

Title

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this case.

Dated: May 4, 2016                         Respectfully submitted,

**SILVERMAN SHIN BYRNE & GILCHREST LLP**

BY  s/Robert M. Gilchrest/
ROBERT M. GILCHREST
AMY S. RUSSELL
Attorneys for Plaintiff SYSCOM (USA), INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28